IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES BROWN<br><br>Plaintiff,<br><br>v.<br><br>1-800 RADIATOR MARIETTA, INC., DANIEL M. BLAKE AND SCOTT A. RHUDY,<br><br>Defendants | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW James Brown ("Plaintiff"), through his undersigned counsel, and files this Complaint against 1-800 Radiator Marietta, Inc., Chief Executive Officer Dan Blake, and Chief Financial Officer Scott A. Rhudy (collectively "Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for Defendants' failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

**PARTIES**

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant 1-800 Radiator Marietta, Inc. ("1-800 Radiator") is a Georgia corporation with a principal place of business at 1835 South Cobb Industrial Boulevard, Suite 106, Smyrna, Georgia 30082.

6.

Defendant 1-800 Radiator may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Daniel M. Blake at 4020 Lantern Hill Drive, Dacula, Georgia 30019.

7.

Defendant 1-800 Radiator is governed by and subject to the FLSA.

8.

At all relevant times, Defendant 1-800 Radiator was an enterprise engaged in commerce or in the production of goods for commerce.

9.

At all relevant times, Defendant 1-800 Radiator has had at least two (2) employees engaged in interstate commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

10.

Defendant 1-800 Radiator provides automotive parts for radiators, cooling units, and fuel pumps to mechanic shops and retailers in Alabama and Georgia.

11.

At all relevant times, Defendant 1-800 Radiator has had at least $500,000.00 in annual gross volume of sales made or business done.

12.

Defendant Blake is a citizen of the United States of America and a resident of the state of Georgia.

13.

Defendant Blake may be served with process by delivering a copy of the Summons and Complaint to his place of employment located at 1835 South Cobb Industrial Boulevard, Suite 106, Smyrna, Georgia 30082.

14.

Defendant Blake is the Chief Executive Officer and Secretary of Defendant 1-800 Radiator. In that position, Defendant Blake exercised control of the day-to-day operations, including decisions relating to payroll, compensation, whether to classify workers as independent contractors or employees, and work hours.

15.

Defendant Rhudy is a citizen of the United States of America and a resident of the state of Georgia.

16.

Defendant Rhudy may be served with process by delivering a copy of the Summons and Complaint to his place of employment located at 1835 South Cobb Industrial Boulevard, Suite 106, Smyrna, Georgia 30082.

17.

Defendant Rhudy is the Chief Financial Officer of Defendant 1800-Radiator. In that position, Defendant Rhudy exercised control over the day-to-day operations, including decisions relating to payroll, compensation, and whether to classify workers as independent contractors or employees.

18.

At all relevant times, Defendants were "employers" as that term is defined by 29 U.S.C. § 203(d).

19.

Defendants acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

20.

Defendants determined the terms and conditions of Plaintiff's employment, including (but not limited to) Plaintiff's job duties, work hours, compensation, and classification as an "independent contractor."

21.

At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

22.

At all relevant times, Defendants misclassified Plaintiff as an "independent contractor."

## STATEMENT OF FACTS

23.

From in or about 2009 to December 2016, Plaintiff worked as a Delivery Driver for Defendants.

24.

In that role, Plaintiff pulled parts from the warehouse, loaded the parts onto a truck, and delivered those parts to mechanic shops and retailers within the state of Georgia.

25.

In addition to making deliveries, Plaintiff performed work in Defendants' warehouse.

26.

Plaintiff put up stock, gathered and packaged parts to mail to customers, dropped off packages at FedEx and UPS, swept floors, took out the trash, and did whatever was asked of him.

27.

At all relevant times, Defendants misclassified Plaintiff as an independent contractor.

28.

Defendants exercised complete control over Plaintiff.

29.

Defendants determined what Plaintiff did and when he did it.

30.

Plaintiff was required to report to Defendants' warehouse by 9:00 a.m. each day. If Plaintiff was late to work, Defendants docked his pay. At the warehouse, Plaintiff received a list of orders. Plaintiff entered his work identification number and the barcode on each order into Defendants' computer system, which generated a delivery route and estimates of the amount of time it should take to make each stop/delivery along the route.

31.

While driving, Plaintiff received several calls from his immediate supervisor and Warehouse Manager Bruce (last name unknown) inquiring about the status of a delivery and Plaintiff's whereabouts, and/or notifying Plaintiff of a change to his route.

32.

When Plaintiff completed his route, he was required to call Bruce to find out what he needed to do next (i.e., return to the warehouse to pick up orders and make more deliveries, return to the warehouse to put up stock while he waited to be assigned more deliveries, etc.)

33.

Plaintiff could not reject routes.

34.

Plaintiff was required to be ready and available to make deliveries until 4:30 p.m. each day.

35.

If there were no orders to be delivered, which was rare, Plaintiff was expected to perform other work in Defendants' warehouse while he waited to be assigned orders.

36.

Defendants provided the parts and equipment (e.g., boxes, plastic bags, mailing labels, tape, pens, etc.), and reimbursed Plaintiff for gas.

37.

Plaintiff was not hired for a short-term project, but rather for an indefinite period of time.

38.

Plaintiff was required to hold himself out to customers as an employee of Defendant 1800-Radiator. When communicating with customers on the phone, Plaintiff introduced himself by stating "This is 1-800 Radiator."

39.

Plaintiff consistently worked more than forty (40) hours per week.

40.

Plaintiff was not paid overtime (i.e., time and one-half his regular hourly rate of pay).

41.

At all relevant times, Plaintiff worked between five and six days per week.

42.

Generally, Plaintiff reported to the warehouse each morning between 8:30 a.m. and 8:45 a.m.

43.

Generally, Plaintiff finished work between 5:30 p.m. and 6:30 p.m., often later.

44.

Plaintiff worked through his lunch breaks. Generally, Plaintiff ate his lunch while driving his routes.

45.

Defendants did not keep an accurate record of Plaintiff's work hours.

46.

Plaintiff was not required to log in and log out of a timekeeping system.

47.

Plaintiff was paid a daily rate of $120.00.

48.

When Plaintiff worked less than eight hours per day, he was paid less than the daily rate.

49.

When Plaintiff worked more than eight hours a day, he was not paid more than the daily rate.

50.

On numerous occasions, Plaintiff complained to management (including Defendants Blake and Rhudy) about pay-related issues, including the lack of overtime pay, but nothing was done.

## **COUNT ONE**
## **Failure to Pay Overtime as Required by the FLSA**

51.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 50 of this Complaint as if fully set forth herein.

52.

Plaintiff performed non-exempt work.

53.

Plaintiff delivered automotive parts and worked in Defendants' warehouse stocking, gathering, packaging parts, and cleaning.

54.

Defendants misclassified Plaintiff as an independent contractor.

55.

Defendants controlled all aspects of Plaintiff's work.

56.

Defendants determined what time Plaintiff started and finished work.

57.

Defendants determined what orders to assign to Plaintiff, when and where Plaintiff delivered the orders, and how long it should take Plaintiff to deliver the orders.

58.

Defendants told Plaintiff how to represent himself to customers on the phone.

59.

Plaintiff could not hold down a second job given his long work hours and management's expectation that Plaintiff work late whenever the need arose.

60.

Defendants acted in willful disregard of their obligations under the FLSA and, therefore, the statute of limitations period should be extended from two years to three years.

61.

Defendants knew Plaintiff worked overtime, but refused to pay Plaintiff time and one-half his regular hourly rate of pay.

62.

At all relevant times, Defendants failed to maintain accurate records of Plaintiff's work hours in violation of the FLSA's recordkeeping requirements.

63.

As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover his unpaid overtime wages, an equivalent amount as liquidated damages, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendants violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid overtime wages, an equivalent amount as liquidated damages, prejudgment interest on unpaid wages, reasonable attorneys' fees and costs in accordance with 29 U.S.C. § 216, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA; and

D. For such other and further relief as this Court deems proper and just.

Date: May 5, 2017

        Respectfully submitted,

        SMITH LAW, LLC

By:   /s/ Louise N. Smith
       Louise N. Smith
       Georgia Bar No. 131876
       William J. Smith
       Georgia Bar No. 710280
       *Attorneys for Plaintiff*

SMITH LAW, LLC
3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 690-5299
F: (844) 828-5615
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

                                              By:   /s/ Louise N. Smith
                                                          Louise N. Smith
                                                          Georgia Bar No. 131876
                                                          William J. Smith
                                                          Georgia Bar No. 710280
                                                          *Attorneys for Plaintiff*

SMITH LAW, LLC
3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-2898
F: (844) 828-5615
louise@smithlaw-llc.com
william@smithlaw-llc.com

**FONT AND POINT CERTIFICATION**

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing **COMPLAINT FOR DAMAGES** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 5th day of May, 2017.

                                                Respectfully submitted,

                                                SMITH LAW, LLC

                                        By:   /s/ Louise N. Smith
                                                Louise N. Smith
                                                Georgia Bar No. 131876
                                                *Attorney for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2017, I have caused or will cause service to issue upon the Defendant to this Action with the foregoing **COMPLAINT FOR DAMAGES** by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

                                        Respectfully submitted,

By:   /s/ Louise N. Smith
       Louise N. Smith
       Georgia Bar No. 131876
       *Attorney for Plaintiff*